EDWIN A. LOMBARD, Judge.
| ,The defendant, Robert Garcia, appeals his conviction for aggravated battery and his sentence of six years and eight months as a third felony offender, requesting only a review of the record for errors patent. Finding no errors, we affirm his conviction and sentence.

Relevant Facts and Procedural History

In August 2006, the defendant/appellant met Michael McKnight who was in the business of building kitchen cabinets when he (the defendant/appellant) approached Mr. McKnight about the possibility of working for him. Mr. McKnight agreed to hire him to do some work and, because the defendanfyappellant had no place to live, Mr. McKnight allowed him to stay with him as well. After a few months,, Mr. McKnight told the defendant/appellant that he had .to leave because, in Mr. McKnight’s opinion, he was lazy, was not working enough, and was not paying rent.
On the night of January 9, 2007, Mr. McKnight was squatting on the floor working on some cabinets when the defendant/appellant, who was still staying with him, came up behind him and struck him in the head, knocking him to the floor. Mr. McKnight looked up and saw that the defendant/appellant had a | ¡.hammer in his hand. He was able to get up and take the hammer away from the defendant/appellant and then called 911. After the police arrived and ' took statements, Mr. McKnight had a friend drive him to the hospital where several staples were used to close the laceration caused by the hammer blow.
Offiqers Miquel Aubert and his partner Donyell Sanchez were the responding officers to the scene at 2504 Tulane Avenue. When they arrived, they observed the defendant/appellant sitting outside the building in the yard. The victim (Mr. McKnight) had blood coming from his head and down his face. After the officers had interviewed the victim, they talked to the defendant/appellant who admitted hitting McKnight but denied that he had used a hammer.
On March 9, 2007, the State filed a bill of information charging the defendant/appellant with one count of violating La.Rev. Stat. 14:34 relative to aggravated battery. He was arraigned on April 3, 2007, and entered a plea of not guilty. On May 1, 2007, the court heard and denied Garcia’s motion to suppress the statement and found probable cause to hold him for trial.
■ At the trial, in addition to presenting the testimony of the victim and the responding officers, the State introduced the tape of the 911 call which the victim made, proper *788 ly authenticated by the custodian Annie Lockett. Also, Mr. McKnight identified the hammer which he saw in the defendant/appellant’s hand immediately after he was struck in the head. In addition, the defendant/appellant testified on his own behalf and again denied striking Mr. McKnight with the hammer. He admitted hitting him from behind with his fists, stating that this occurred after a verbal disagreement with the victim regarding money. According to the defendant/appellant, Mr. McKnight owed him a substantial amount of money for work that he had done. He stated that he had been asking for the money since |3Pecember because he wanted to go visit his family for the holidays. The defendant/appellant testified that Mr. McKnight refused to pay him, so he hit him with his fists. The defendant/appellant speculated that the injury to the victim’s head must have occurred when he hit the ground after being struck from behind.
On May 31, 2007, a six-person jury found the defendant/appellant guilty as charged. On July 16, 2007, the court sentenced him to serve six years and eight months at hard labor. The State then filed a multiple bill of information charging the defendant/appellant with being a third felony offender. After being advised of his rights by the court, the defendant/appellant entered a plea of guilty to the multiple bill; the court vacated the sentence previously imposed and resentenced him to serve six years and eight months at hard labor. The court then granted his motion for an appeal.
By his sole assignment of error, the defendant/appellant requests a review of the record for patent errors. Such review shows there are none. Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990). Counsel filed a brief complying with State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241. Counsel’s detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel moved to withdraw because she believes, after a conscientious review of the record, that there is no non-frivolous issue for appeal. Counsel reviewed available transcripts and found no trial court ruling that arguably supports the appeal. A copy of the brief was forwarded to the defendant/appellant and this Court informed him that he had the right to file a brief in his own behalf. He has not done so. 1/Thus, this Court’s review is limited to errors on the face of the record. La.Code Crim. Proc. art. 920.
As per State v. Benjamin, this Court performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcripts in the appeal record. The defendant/appellant was properly charged by bill of information with a violation of La.Rev.Stat. 14:34, and the bill was signed by an assistant district attorney. The defendant/appellant was present and represented by counsel at arraignment, during trial, and at sentencing. The jury’s verdict and the defendant/appellant’s sentence are legal in all respects. Furthermore, a review of the trial transcript shows that the State provided sufficient evidence to prove beyond a reasonable doubt that the defendant/appellant was guilty of aggravated battery.
Our independent review reveals no non-frivolous issue and no trial court ruling that arguably supports the appeal. Therefore, we affirm the defendani/appellant’s conviction and sentence, and we grant appellate counsel’s motion to withdraw.
*789 CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED.